Fulgum v. Mayor, etc., of Nashville.

J. G. FULGUM v. MAYOR AND CITY COUNCIL OF
NASHVILLE.

TAXES. *Corporation.* The Commercial Hotel, in the city of Nashville,.
was assessed in 1874 by the city assessor, at $39,750. The corporation
tax being $2. The State and county valuation was $35,725, and the
State tax was 40 cents upon the $100. By an ordinance of the city,
a tax of $40 and one per cent upon the rental value of a hotel was
levied for the privilege of keeping hotel, said ordinance providing
that small hotels of less than ten rooms, shall pay no privilege tax·
*Held,*

*First.* That the corporation might assess the property at a higher value
than the value placed upon it by the State, if it be not assessed higher
than its actual value. The constitution providing it shall be levied
upon the same principles as the State tax, to-wit, at its value, and
maintaining uniformity.

*Second.* Corporations may levy a higher rate of taxation than the rate
levied by the State and county.

*Third.* The requirement of the payment of $40 and one per cent on rental
value for the privilege of hotel keeping, and the exemption of small
hotels of less than ten rooms, does not render the ordinance objec-
tionable, but the same is reasonable and valid.

FROM DAVIDSON.

Appeal in error from the Circuit Court of Davidson
county. N. BAXTER, J.

J. P. HELMS for Fulgum.

W. K. McALISTER, JR., for city.

FREEMAN, J., delivered the opinion of the court.

This suit is brought to recover taxes claimed to have been improperly assessed, the payment having been made under protest by the plaintiff.

The case is an agreed one as to the facts, and presents the following matters to be decided:

The plaintiff was owner, in 1874, of a certain hotel property in the city of Nashville, which was assessed by the city tax assessor at the sum of $39,750, the taxes being for the corporation $2 per one hundred dollars that year. Whereas, the State and county valuation for the same property was only $35,725, and the State tax was only 40 cents on the $100, and for county, was 75 cents on the $100.

The points of objection made in argument are, first, that the corporation cannot assess the property at a higher value, by the Constitution, than the value placed upon it for State and county purposes. This is maintained on the ground that the Constitution requires all property to be taxed according to its value, to be ascertained in such manner as the Legislature shall direct, so that taxes shall be equal and uniform throughout the State: Art. 2, sec. 28; and in section 29 it is prescribed, that counties and incorporated towns may be authorized to levy taxes for county and corporation purposes, in such manner as may be prescribed by law, and all property shall be taxed according to its value, upon the principles established in regard to State taxation.

It is clear the Constitution prescribed a rule for

county and corporation taxation on the same principles, as that which governs in assessing property for State taxation, that is, according to its value; but this cannnot be held to mean that an assessment in the one which is different, more or less, from the other, is void; or that if the corporation valuation is larger than the valuation for State and county purposes, it is necessarily erroneous. It may be, the State and county valuation is erroneous, for aught we know, that is, not the real value of the property. The assessor may have valued the property at less than its true value. We have nothing before us to show which is correct, certainly nothing to show that the value of this property was not the sum fixed by the corporation assessor. The remedy for over valuation, if any, would be in a case like this probably, by contesting the correctness of the valuation before the proper authorities at the time made. Certainly this would be the proper mode, unless it appeared on the face of the assessment, or in some other authentic mode, that an arbitrary, and not the real value, had been the principle on which the assessment had been made. Nothing of the kind appears, and we see nothing in the point as presented in this record.

The second question is, whether the corporation may levy a higher rate of taxation, than that laid by the State and county, for the same year? We answer, the Constitution does not provide that the *rate* of taxation shall be the same, or not more than that levied by the State, for the same period, but that the requirement is, that counties and towns shall tax on

the same principles, that is, according to its valuation, as required for State taxation. A municipal corporation, therefore, is not restrained by the Constitution as to the rate of taxation, but only as to the principles on which the assessment or valuation shall be made upon all property within its limits.

We have been pointed to no law passed by our Legislature imposing such a restraint. Such a law, we assume, the Legislature is competent to enact, if deemed proper, but we know of none. Section 491 c, act of 1871, has no application to this case, but only to the cases provided for by the previous section, where the voters of the town are to vote a credit in aid of any "company, association or corporation;" neither does sections 1359 a or 1361, or indeed any other enactment, as far as we have been able to see.

The cases referred to, 1 Hum., 162, 2·Head, 363, and the like cases, have no reference to the question of taxing property, but privileges, and consequently, need not be discussed, nor the correctness or incorrectness of those opinions examined.

The other question presented by the agreed case, is on the following state of facts. The Commercial Hotel property, including furniture, was assessed for taxation, as we have stated, at $39,750. A license, or privilege tax, for the privilege of keeping a hotel, was imposed by an ordinance of the city; as follows: $40, and one per cent on the actual rental or estimated value of the same. The ordinance provided, that hotels having less than ten rooms, should pay no privilege tax.

It is insisted that the tax thus imposed on the rental value, is double taxation, and void. We do not understand this to be contrary to the established rule in this State on this subject. Property of merchants and traders is taxed at its value, and then the license is regulated by the amount of sales. So the privilege of keeping a hotel may well be charged on the basis of the value of the privilege enjoyed, to be ascertained in part or in whole by the rental value of the hotel thus kept. This is so, we think, if the principle as to merchants be correct, and it is now too well settled to be disturbed—even if doubtful at first.

We do not see that exempting small hotels having less than ten rooms, renders this law objectionable. The city was not bound to tax all hotels the same amount for the privilege, regardless of the value of the privilege granted, as measured by the amount of business done, or capable of being done, by reason of the extent of accommodations possessed. It was settled in *The State* v. *Schlier*, 3 Heis., 284–5, that the Legislature might classify parties engaged in business, and then must tax all of the class alike, but might graduate the amount of the tax applicable to each class.

All hotels having ten or more rooms are taxed for the privilege, under this ordinance, according to rental value. The fact that others not belonging to the class, are not taxed, is no more a subject of complaint, than if they were taxed at a much smaller sum, the tax being unequal in the latter cases, and the inequal-

ity being only increased by a total exemption. The pinciple given in the case of *Mayor and City Council of Nashville* v. *Althorp,* is a sound statement of the law on this question: "The city cannot create a privilege for the purpose of taxing it; or discriminate between persons exercising the same privilege, by imposing a tax upon one class at a higher rate, in a different mode, or upon a different principle, than are applied to the exercise of the same privilege by others. But this does not interfere with the other principle given in the case of *State* v. *Schlier,* 3 Heis., that the Legislature may classify, and tax occupations, grading the privilege tax by the amount of business done, or what amounts to the same thing in that case, taxing for the privilege in the proportion to the number of inhabitants in the town or city, where the occupation was carried on—it being assumed that the business would bear a proportion to the population.

In view of the ruling in the two cases, we take it, the principle is, that all persons in the same class must pay the same tax for the privilege; but the corporation may grade the tax, adapting it to each class, observing the principle of equality as to the member of the class. If this be sound, then a party in one class, cannot complain that another of a different class, is not taxed either as much as himself, or not taxed at all.

The result is, the judgment below is affirmed.